IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAYMOND JAMES SMITH,

Plaintiff,

v.

SARAH COADY,

Defendant.

OPINION AND ORDER

25-cv-249-wmc

Plaintiff Raymond James Smith, who is representing himself, filed a civil rights complaint against defendant Sarah Coady, a nurse employed at the Monroe County Jail, where plaintiff was previously in custody. (Dkt. #1.) Because plaintiff is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Even under this lenient standard, the complaint must be dismissed because plaintiff has failed to state a viable federal claim for the reasons explained below.

## ALLEGATIONS OF FACT[1]

Plaintiff is a resident of Sparta, Wisconsin, which is located in Monroe County. On January 24, 2023, plaintiff was confined in the Monroe County Jail, where defendant worked

[1] Unless otherwise indicated, the facts in this section are taken from plaintiff's complaint and are accepted as true for purposes of screening.

as a nurse. Plaintiff reportedly had a prescription for gabapentin and other, unspecified medication. Plaintiff alleges that he became ill on January 24 after defendant dispensed his medication, which caused him to vomit, suffer a migraine, and temporarily black out. Plaintiff notified jail staff who contacted the medical department. According to plaintiff, defendant admitted that she inadvertently dispensed another inmate's medications.

Plaintiff was treated in the medical department by a different nurse, who told plaintiff he would be "fine," and provided him with his prescribed medication. Plaintiff reports that his symptoms lingered "for awhile [*sic*]," and that he continued to feel ill after returning to his cell. He reports being unable to eat all day and night on January 24 and generally feeling "miserable" due to the migraine and vomiting he experienced. He seeks money damages, and he asks that defendant be "retrained on properly handling medication and dispensing it[.]"

OPINION

Plaintiff contends that defendant violated his rights by dispensing the wrong medication while he was confined at the Monroe County Jail. Because plaintiff invokes federal-question jurisdiction under 28 U.S.C. § 1331, his claims are actionable, if at all, under 42 U.S.C. § 1983, which "confers a private right of action against government officials who, acting under color of state law, deprive a plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) (quoting § 1983).

The court assumes for purposes of screening that plaintiff was a pretrial detainee while confined at the Monroe County Jail on January 24, 2023. As a result, his claim is governed by the Fourteenth Amendment Due Process Clause and the objective-unreasonableness standard,

rather than the Eighth Amendment deliberate-indifference standard that applies to convicted prisoners. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *see also Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018) (comparing the Eighth Amendment and due process standards that apply to convicted prisoners and pretrial detainees). To establish a violation of the right to adequate medical care under the Fourteenth Amendment standard, a plaintiff must allege that: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted).

Even assuming that the first three criteria are met, plaintiff's claim falls short as to the fourth element. The core of plaintiff's complaint is that defendant inadvertently dispensed the wrong medication on one occasion, after which plaintiff was treated in the medical department by a different nurse. "A bare allegation that an official gave a detainee the wrong medication suggests only negligent conduct by that official, and not the kind of recklessness needed to put forth a constitutional claim." *Green v. Watson*, No. 3:15-cv-621, 2015 WL4609977, at *2 (S.D. Ill. July 31, 2015) (citations omitted); *see also Daniels v. Beasley*, 241 F. App'x 219, 220 (5th Cir. 2007) (concluding that a prisoner's claim that he was given the "wrong medication" by a nurse did not establish "actions involv[ing] more than negligence" and was properly dismissed as frivolous); *Myers v. Wellpath*, No. 22-cv-841, 2022 WL 17083666, at *2 (N.D. Ind. Nov. 18, 2022) (stating that "a careless mistake is not enough to hold [a nurse] liable under the Fourteenth Amendment" where nothing suggested that she acted purposefully, knowingly, or

recklessly when dispensing the wrong medication).

The Supreme Court has repeatedly held that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley*, 576 U.S. at 396 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)); *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property") (emphasis in original). The Seventh Circuit has also recognized that negligence is not enough to state a claim under § 1983 for a violation of the Fourteenth or the Eighth Amendment. *See Miranda*, 900 F.3d at 35354 ("[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence."); *Mayán v. Weed*, 310 F. App'x 38, 40-41 (7th Cir. 2009) (stating that allegations of "medical malpractice, negligence, or even gross negligence" are not sufficient to permit liability under the Fourteenth Amendment or the Eighth Amendment deliberate-indifference standard).

Because allegations of negligence are not actionable under § 1983, the court will not grant plaintiff leave to proceed and will dismiss the complaint. *See White v. Olig*, 56 F.3d 817, 820 (7th Cir. 1995) ("It is therefore a truism, reiterated many times by this court, that mere allegations of state law infraction are insufficient to support a [§] 1983 claim."); *see also Johnson v. Doe*, 234 F.3d 1273, 2020 WL 1529788 (7th Cir. 2000) (unpublished) (affirming dismissal where a prisoner alleged only that officials "mistakenly gave him the wrong medication"). While the Seventh Circuit has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate in this instance because his allegations do not suggest that he can state a claim for relief in federal court on these facts as

alleged. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

ORDER

IT IS ORDERED that:

1. Plaintiff Raymond James Smith is DENIED leave to proceed, and this case is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a federal claim upon which relief may be granted.

2. The clerk of court is directed enter judgment accordingly.

Entered this 22nd day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge